CARE AND PROTECTION OF BERT & another. February 12, 1999. *Supreme Judicial Court,* Appeal from order of single justice.

The parents of two children purport to appeal pursuant to S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial of their petition for relief by a single justice of this court. The trial judge had ordered the parents to take certain action regarding the education of the children and specified that, if the parents had not fully complied by a certain date, temporary custody of the children would be transferred to the Department of Social Services.

We treat that order as interlocutory for purposes of rule 2:21 (1), and turn to the requirement in rule 2:21 (2) that "the appellant must set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other avail-

---

able means." The only statement which could be read as bearing on this question, "the nature of care and protection proceedings is to put forth numerous 'temporary' commitment orders that are possibly unappealable until the children are permanently, finally, removed from the custody of their parents at great harm," is weakened by the fact that the parents have filed a notice of appeal in the underlying proceeding, from an October 7, 1998, order and have filed an application for direct appellate review thereof. Moreover, they do not state whether the order at issue comes within the scope of G. L. c. 119, § 27, which pertains to appeals.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

The parents, pro se.

*Kristyn Snyer* for the children.

*Jeannette A. McCarthy* for Waltham School Department.

*Cheryl A. Watson* for Department of Social Services.

*Susan Mojica,* amicus curiae.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.